### 72494. HALL v. JONES et al.
(349 SE2d 469)

BIRDSONG, Presiding Judge.

The appellant is a prisoner who filed a civil complaint and amendment alleging that at the Middle Georgia Correctional Complex in Hardwick, he was required to sleep on a mattress on the floor for a period of time, and thus deprived of his constitutional rights under the Eighth Amendment. The suit requests damages and other relief. The Attorney General, for defendants, moved to dismiss the complaint for failure to state a claim.

The trial court, finding that the prisoner admitted the mattress was accompanied by sheets, two blankets, a pillow and a pillowcase, determined the practice was not inhumane and dismissed the plaintiff's complaint; and he appeals. *Held:*

The appellant prisoner contends a cause of action is stated for deprivation of his Eighth Amendment rights, according to *Lareau v. Manson,* 651 F2d 96; and *Union County Jail Inmates v. Scanlon,* 537 FSupp. 993, 1004, where in the opinion of some federal court judges the practice of sleeping of prisoners upon floor mattresses *under the facts of those cases,* was deemed inhumane and constituted cruel and unusual punishment. As to deprivation of prisoners' Eighth Amendment rights, see generally *Rhodes v. Chapman,* 452 U. S. 337, 345 (101 SC 2392, 69 LE2d 59). Clearly we are not bound by the "subjective views" of federal court judges in other fact situations. In *Rhodes v. Chapman,* the Supreme Court held that no static test determines violation of Eighth Amendment rights, nor is the determination governed by the "subjective views of judges"; but it should be "informed by objective standards to the maximum possible extent."

We therefore find that *Rhodes v. Chapman* is the governing case, not individual opinions of judges under facts and in cases that bear only the most cosmetic likeness to the case under view. Nothing suggested in the case before us rises to the level of "cruel and unusual"

punishment, or "unnecessary and wanton inflictions of pain [which are] totally without penological justification." (Id. pp. 345-346) Nothing in this case before us suggests that the appellant was required to sleep on a floor mattress as a permanent method of placement amidst noxious filth, while there was an empty and available bed which he was arbitrarily denied; nor that it resulted in "torture . . . or in pain without any penological purpose" such as relief from overcrowded conditions or even as a penalty, or amounted to "unquestioned and serious deprivation of basic human needs" (Id. p. 347); nor indeed that it in fact caused appellant any particular grievous and insupportable detriment.

While it is a good thing to aspire toward an ideal environment for long-term confinement, we ever remember that "the Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes, cannot be free of discomfort." Id. p. 349. "Conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. p. 347.

Accordingly, the trial court did not err in finding the practice not to be inhumane in this case and in dismissing this appellant's complaint for failure to state a claim.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 10, 1986 —
REHEARING DENIED OCTOBER 7, 1986

Robert L. Hall, *pro se.*

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Michael E. Hobbs, Senior Assistant Attorneys General, George M. Weaver, John C. Walden,* for appellees.